UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

YOLANDA GARCIA,

Plaintiff,

v.

CAROL W. COLVIN, Commissioner of Social Security Administration,

Defendant.

Civil No.   14cv830-LAB (DHB)

**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**[ECF Nos. 10, 11]**

## I. INTRODUCTION

On April 8, 2014, Plaintiff Yolanda Garcia ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding the denial of her claim for disability benefits. (ECF No. 1.) On June 9, 2014, Defendant filed an Answer (ECF No. 7) and the Administrative Record ("A.R."). (ECF No. 8.) On August 8, 2014, Plaintiff filed a Motion for Summary Judgment seeking reversal of Defendant's denial and an award of disability benefits or, alternatively, remand for further administrative proceedings. (ECF No. 10.) Plaintiff contends the Administrative Law Judge ("ALJ") committed reversible error by: (1) improperly denying Plaintiff's request for a non-video teleconference hearing; and (2) improperly construing and relying upon the testimony of the vocational expert. (ECF No.

10 at 10-14.)[1]   On September 5, 2014, Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 11.) Plaintiff did not file an Opposition to Defendant's Cross-Motion, or a Reply to Defendant's Opposition, and the filing deadline has now passed. (ECF No. 9.)

For the reasons set forth herein, and after careful consideration of the Administrative Record and the applicable law, the Court hereby **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED IN PART**, and Defendant's Cross-Motion for Summary Judgment be **DENIED IN PART**.

## II.  PROCEDURAL BACKGROUND

On October 18, 2010, Plaintiff protectively filed an application for social security disability benefits pursuant to Title II of the Social Security Act. (A.R. 130-36.) Plaintiff alleged a disability beginning on October 6, 2009. (A.R. 143.)  Plaintiff's application asserted that she was unable to work due to carpel tunnel syndrome in her right arm and shoulder. (A.R. 147.)  Plaintiff's application was initially denied on February 25, 2011, (AR 38-42) and denied upon reconsideration on May 19, 2011. (AR 48-53.)  Thereafter, Plaintiff filed a timely request for a hearing before an ALJ.  (AR 54-55.)

On November 16, 2012, ALJ John D. Moreen conducted Plaintiff's administrative hearing via video teleconference ("VTC").  (A.R. 29-35.)  Attorney Matty Sandoval represented Plaintiff at the hearing.  *Id*.  At the beginning of the hearing, Plaintiff's counsel requested a non-VTC hearing.  (A.R. 31.)  The ALJ denied the request as untimely.  *Id.*  Plaintiff and her counsel then excused themselves from the hearing and did not participate or provide any testimony. (A.R. 31-32.)  The ALJ proceeded to elicit vocational expert testimony from Dr. Alan Cummings and then brought the hearing to a close. (A.R. 33-35.)

On November 29, 2012, the ALJ issued a written decision finding Plaintiff was not

---

[1] Page numbers for docketed materials cited in this Report and Recommendation generally refer to those imprinted by the Court's electronic case filing system. The exception is the Court's citation to the specific page numbers of the Administrative Record.

1   disabled as defined by the Social Security Act.  (A.R. 13-24.)  The Commissioner's

2   decision became final on February 27, 2014 when the Appeals Council denied Plaintiff's

3   request for review of the ALJ's decision.  (A.R. 1-3.)  Thereafter, Plaintiff timely filed

4   the instant action on April 8, 2014.  (ECF No.1.)

5   ### III.  LEGAL STANDARDS

6   **A.   <u>Determination of Disability</u>**

7   To qualify for disability benefits under the Social Security Act, a claimant must

8   show two things: (1) she suffers from a medically determinable physical or mental

9   impairment that can be expected to last for a continuous period of twelve months or more,

10  or would result in death; and (2) the impairment renders the claimant incapable of

11  performing the work she previously performed or any other substantial gainful

12  employment which exists in the national economy.  42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

13  A claimant must meet both requirements to be classified as "disabled."  *Id.*

14  The Commissioner makes the assessment of disability through a five-step

15  sequential evaluation process.  If an applicant is found to be "disabled" or "not disabled"

16  at any step, there is no need to proceed further.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1003

17  (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974

18  (9th Cir. 2000)).  The five steps are:

20      1.  Is claimant presently working in a substantially gainful activity?  If so, then the claimant is not disabled within the meaning of the Social Security Act.  If not, proceed to step two.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

22      2.  Is the claimant's impairment severe?  If so, proceed to step three.  If not, then the claimant is not disabled.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

23      3.  Does the impairment "meet or equal" one of a list of specific impairments

24  described in 20 C.F.R. Part 220, Appendix 1?  If so, then the claimant is disabled.  If not, proceed to step four.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

26      4.  Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is not disabled.  If not, proceed to step five.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

28      5.  Is the claimant able to do any other work?  If so, then the claimant is not disabled.  If not, then the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

14cv830-LAB (DHB)

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett*, 180 F.3d at 1098 & n.3 (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)).

**B.   Scope of Review**

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence.") (citing *Tidwell*, 161 F.3d at 601).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten*, 44 F.3d at 1457 (citing *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993)). In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)). The Court must uphold the denial of benefits if the

evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary.") (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

Section 405(g) permits the Court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. *Id.*

## IV.  FACTUAL BACKGROUND

Plaintiff alleges she became disabled on October 6, 2009 due to carpal tunnel syndrome in her right arm and shoulder. (A.R. 147.) Prior to her alleged disability, Plaintiff was employed as a housekeeper and school cafeteria server. (A.R. 148.)

**A.    Medical Evidence**

**1.      Treating Physician - Dr. James McClurg**

Plaintiff saw Dr. James McClurg as her primary care physician. (A.R. 392.) Dr. McClurg's medical records reflect Plaintiff's history of arm and shoulder symptoms both before and after her alleged onset date. (A.R. 379-687.) On September 4, 2008, before Plaintiff's onset date, Dr. McClurg found that Plaintiff had right shoulder problems, including a "[h]igh-grade partial and probably full-thickness retracted tear of the supraspinatus tendon" as well as an acromial impingement and carpal tunnel syndrome. (A.R. 402.) Dr. McClurg opined that Plaintiff's condition required modification of her

work duties, and the use of a wrist splint.  (A.R. 393, 396-97, 411, 421.)  By January 2, 2009, Dr. McClurg found that Plaintiff should remain off work and prescribed several prescription pain relievers to address her right wrist and shoulder pain.  (A.R. 424-5, 436, 452.)  On October 6, 2009, Dr. McClurg conducted athroscopic surgery on Plaintiff's right shoulder in order to remedy her ongoing pain.  (A.R. 486.)  After surgery, Dr. McClurg ordered Plaintiff to remain off work.  (A.R. 495.)  This recommendation continued through March 29, 2010, at which time Dr. McClurg noted that Plaintiff's maximum medical improvement would likely occur within the next two months.  (A.R. 514.)  On September 9, 2010, Dr. McClurg concurred with the Agreed Medical Evaluator's opinion that Plaintiff was restricted from working only on a prophylactic basis, and that accommodations by her employer would help Plaintiff in her continued employment.  (A.R. 535; 332.)  Subsequently, in March  2011, Plaintiff underwent surgery for carpal tunnel syndrome in her left wrist.  (A.R. 562.)  Thereafter, Dr. McClurg opined that Plaintiff's range of motion was limited, requiring work modifications.  (A.R. 588, 591, 598, 605, 614, 620.)  Dr. McClurg's final notations of October 3, 2012 suggest that Plaintiff rarely engage in either fine or gross manipulation.  (A.R. 274.)

### 2.    Agreed Medical Evaluator - Dr. Jeffrey Bernicker

Plaintiff was evaluated by Dr. Jeffrey Bernicker on June 10, 2009. (A.R. 294-306.) Dr. Bernicker noted that Plaintiff had carpel tunnel in her right wrist and traumatic right shoulder impingement, among other ailments.  (A.R. 303.)  Dr. Bernicker noted that Plaintiff reported having difficulty performing housekeeping work due to the pain in her right hand and shoulder.  (A.R. 295-304.) After observing the supporting medical records and examining Plaintiff, Dr. Bernicker noted that he could see "no basis why the patient could not in theory perform some type of modified-duty activities [at work] with restrictions to include limited use of the right upper extremity." (A.R. 304.)

/ / /

/ / /

On June 2, 2010, after Dr. McClurg performed the right shoulder athroscopy on Plaintiff, Dr. Bernicker re-evaluated Plaintiff and reviewed her additional medical records. (A.R. 324-335.) Dr. Bernicker reported that Plaintiff did not show substantial improvement from the June 10, 2009 examination and, since Plaintiff had undergone revision surgery, she was now at maximum medical improvement. (A.R. 331.) Dr. Bernicker restricted Plaintiff's work activities above the shoulder level on a prophylactic basis. (A.R. 332.)

**B.**     **The Hearing**

      **1.**     **Factual Background and Receipt of Notice**

      On September 27, 2012, the Social Security Administration sent Plaintiff a notice of her administrative hearing. (A.R. 72.)[2] An acknowledgment of notice of hearing form was also provided to Plaintiff. (A.R. 95.) The notice advised Plaintiff that "The ALJ Plans to Use Video Teleconferencing (VTC) At Your Hearing." (A.R. 73.) The notice also gave clear instructions for "What To Do If You Do Not Want To Appear At Your Hearing By Video Teleconferencing (VTC)." (A.R. 73.) The notice instructed:

> If you do not want to appear at your hearing by VTC, let this office know within 5 days of receiving this notice. Please do this by returning the enclosed acknowledgment form and checking the block that says, *"I do not want to appear at my hearing by video teleconference. Please reschedule my hearing so that I may appear in person."*
>
> If you return the enclosed form within 5 days, we will arrange an in-person appearance for you on the next available hearing date. . . .

(A.R. 87.)

      The Social Security Administration received Plaintiff's executed acknowledgment form on October 10, 2012. (A.R. 103.) Notably, Plaintiff did not check the box that stated "I do not want to appear at my hearing by video teleconference." (*Id.*) Instead,

_____

[2]The Court cites the English version of the notice. A Spanish version was also provided to Plaintiff. (A.R. 79-85.)

14cv830-LAB (DHB)

1    Plaintiff checked the box that stated "I will be present at the time and place shown on the

2    Notice of Hearing." (*Id.*)

3         On November 2, 2012, the Social Security Administration sent Plaintiff a reminder

4    of her administrative hearing. (A.R. 108.) The Record does not reflect any response by

5    Plaintiff to the reminder notice.

6         On November 16, 2012, the ALJ convened Plaintiff's VTC hearing. (A.R. 31.)

7    At that time, Plaintiff's counsel objected to the VTC hearing and requested an in-person

8    hearing. (*Id.*) The ALJ rejected the request as untimely. (*Id.*)

9         **2.    Plaintiff's Testimony**

10        After the ALJ denied Plaintiff's request for an in-person hearing, Plaintiff and her

11   counsel excused themselves from the hearing. (A.R. 31-32.) Therefore, Plaintiff did not

12   provide any testimony.

13        **3.    Vocational Expert's Testimony**

14        The ALJ elicited the testimony of vocational expert, Dr. Alan Cummings, during

15   the VTC hearing. (A.R. 32-34.) Dr. Cummings testified that he had reviewed Plaintiff's

16   file, and stated her past relevant work included light and unskilled employment as a

17   housekeeper and a school server. (A.R. 32.) The ALJ then proposed the following

18   hypothetical:

19        I want you to assume a hypothetical individual the claimant's age,

20        education, and background with the following limitations that such an

21        individual can occasionally lift 20 pounds, can frequently lift 10 pounds;

22        stand or walk for six hours in an eight-hour day; can sit for six hours in an

23        eight-hour day. Such an individual can use ropes, ladders and scaffolds on

24        an occasional basis; and engage in overhead activities with bilateral upper

25        extremities on a frequent basis; can engage in gross manipulation bilaterally

26        on a frequent basis; can engage in fine manipulation bilaterally on a frequent

27        basis.

28   (A.R. 33.) The ALJ then asked the vocational expert, "Can such an individual perform

claimant's past work?" (*Id.*)  Dr. Cummings responded, " Yes, Judge.  I believe that level of limitation would rule out performance of all the past work as that work is customarily performed." (*Id.*)

The ALJ proceeded to ask a second hypothetical.  The ALJ stated "The second hypothetical, the same as the first hypothetical, with the change to the gross and fine manipulation, to occasional rather than frequent, could such an individual perform claimants past work?" (*Id.*)  Dr. Cummings stated "No, that work would be precluded." (*Id.*)  Next, the ALJ asked whether Plaintiff had any transferable skills, and Dr. Cummings stated, "because the work is unskilled there are no transferable skills to transfer." (A.R. 33.)  Finally, the ALJ asked Dr. Cummings whether there was "other work that such an individual could perform in that hypothetical as a person?" (A.R. 34.) In response, Dr. Cumming's listed several jobs, including "counter clerk," for which there are 6,500 jobs in San Diego County and 414,000 nationally, "rental clerk," for which there are 6,000 jobs in San Diego County and 400,000 nationally and "usher," for which there are 1,300 jobs in San Diego County and 107,000 nationally. (*Id.*)

## C.    **The ALJ's Findings**

After considering all of the evidence, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from October 6, 2009, through the date of his decision. (A.R. 24.)  At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 6, 2009, the alleged onset date. (A.R. 16.)  At step two, the ALJ found Plaintiff has the following severe impairments: bilateral carpal tunnel syndrome, status post bilateral releases, right rotator cuff tear, status post acromioplasty and rotator cuff repair, left shoulder tendinopathy and degenerative disc disease at C5-6.  (A.R. 16.)  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that met or exceeded the impairments contained in the Listing of Impairments. (A.R. 17.)  Prior to considering step four, the ALJ determined that Plaintiff has the residual functional capacity to "lift and carry 20 pounds occasionally, 10 pounds frequently, sitting, standing

and walking without significant limitation. . . . [and] is limited to occasional use of ropes, ladders and scaffolds, frequent overhead activity bilaterally, and frequent fine and gross manipulation, but has no other significant limitations." (A.R. 17.)  At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a housekeeper. (A.R. 23.)  Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act.  (A.R. 24.)

## V. DISCUSSION

### A.     The ALJ's Denial of a Non-Video Teleconference Hearing

#### 1.     Parties' Arguments

Plaintiff contends the ALJ improperly denied her request for an in-person hearing. (ECF No. 10 at 11-12.)  Plaintiff argues this was error because she had an absolute right to an in-person hearing.  (*Id.*)

In response, Defendant argues the ALJ properly denied Plaintiff's request because it was untimely.  (ECF No. 11-1 at 4-5.)  Defendant points to the fact that Plaintiff failed to check the box stating "I do not want to appear at my hearing by video teleconference" on the acknowledgment of notice of hearing form, and notes that Plaintiff never objected to the VTC hearing at any date prior to the hearing.  (*Id.*)

#### 2.     Legal Standards

Social security claimants may request a hearing before an ALJ if the Social Security Administration has issued a reconsidered determination on a claimant's social security disability benefits.  20 C.F.R. § 404.930.  If a claimant prefers an in-person hearing over a VTC hearing, they must object to their assigned VTC hearing at the "earliest possible opportunity."[3]  20 C.F.R. § 404.936 (2012) ("If you object to the time or place of your hearing, you must notify us at the earliest possible opportunity before the time set for the hearing.  You must state the reason for your objection and state the time

---

[3]This was the standard under the Regulation that was in force at the time of Plaintiff's hearing.  Under the current Regulation, a claimant must object to a VTC hearing within thirty (30) days of receiving notice of the hearing and at least five (5) days prior to the hearing.  *See* 20 C.F.R. § 404.936(d-e).

14cv830-LAB (DHB)

and place you want the hearing to be held."). The ALJ has discretion to deny an untimely request for an in-person hearing. *Pittman v. Colvin*, 2013 WL 4539674, *2 (M.D. Ga. Aug. 27, 2013) (finding it was within the ALJ's discretion to deny a request for an in-person hearing where the claimant objected to a VTC hearing two days prior to the hearing). *See also Scott v. Commissioner*, 2014 WL 1340075, *8 (D. Md. April 2, 2014) (holding the ALJ did not err in denying the claimant's request for an in-person hearing that was made at the start of the VTC hearing); *Evans v. Astrue*, 2010 WL 276119 (E.D. Tenn. Jan. 15, 2010) (holding that, after being instructed to object to a VTC hearing at the "earliest possible opportunity," the claimant's right to an in-person hearing had been waived by the day of the VTC hearing).

### 3.   Analysis

Here, the Social Security Administration sent Plaintiff notice that her hearing would be conducted via VTC on September 27, 2012. (A.R. 72.) Plaintiff returned her acknowledgment of notice of hearing form October 10, 2012. (A.R. 103.) Therefore, Plaintiff had the opportunity to object to the VTC hearing as early as October 10, 2012 – approximately two months before the hearing. However, Plaintiff did not check the box on the acknowledgment form to indicate she did not want a VTC. Instead, she checked the box "I will be present at the time and place shown on the Notice of Hearing." (A.R. 103.) Moreover, from the time that Plaintiff received the Notice of Hearing until the date of the hearing on November 16, 2012, Plaintiff never objected to a VTC hearing. It wasn't until the start of her hearing that Plaintiff requested an in-person hearing. (A.R. 31.)

Claimants have a duty to timely object if they do not want to appear at their administrative hearing by VTC. *See* 20 C.F.R. § 404.936; *Scott*, 2014 WL 1340075 at *8; *Pittman*, 2013 WL 4539674 at *2; *Evans*, 2010 WL 276119 at *9. Here, Plaintiff was instructed how to properly object to the VTC, but she did not do so. Instead, she waited to raise an objection until the start of her hearing. The Court finds Plaintiff's objection was not made at the "earliest possible opportunity." Therefore, the Court finds the ALJ

1   did not err in denying her request for a non-video teleconference hearing.

2          Accordingly, Plaintiff's Motion for Summary Judgment on this ground is DENIED

3   and Defendant's Cross-Motion for Summary Judgment is GRANTED.

4   **B.      The ALJ's Construal of Dr. Alan Cummings' Testimony**

5          **1.      Parties' Arguments**

6          Plaintiff contends the ALJ erred by misconstruing the testimony of the vocational

7   expert, Dr. Alan Cummings.  Plaintiff states the ALJ misheard the vocational expert's

8   testimony as stating that a hypothetical individual with Plaintiff's disabilities *could*

9   perform past relevant work.  (ECF No. 10 at 13.)   However, Plaintiff argues the

10  vocational expert in fact stated that a hypothetical individual with Plaintiff's disabilities

11  would be *unable* to perform past relevant work.  (ECF No. 10 at 13.)  Plaintiff claims the

12  ALJ's misconstrual warrants remand for clarification on this critical aspect of Plaintiff's

13  claim.  (ECF No. 10 at 13-14.)

14         Defendant counters that the ALJ correctly found Plaintiff could perform her past

15  relevant work.  (ECF No. 11-1 at 5.)  Defendant explains that, to the extent the ALJ may

16  have erred in relying on the vocational expert's testimony, the error was harmless.  (ECF

17  No. 11-1 at 6.)  Defendant argues that expert testimony is not necessary in step four, and

18  that the testimony was just one of several factors the ALJ considered in determining that

19  Plaintiff could perform her past relevant work.  (ECF No. 11-1 at 6.)   Therefore,

20  Defendant asserts the ALJ's decision is supported by substantial evidence and should be

21  upheld.  (ECF No. 11-1 at 5-6.)

22         **2.      Legal Standards**

23         The determination that a claimant is able to return to past relevant work is made

24  at the fourth step in the five-step sequential process.  20 C.F.R. §404.1520(e).  At step

25  four, the burden is on the claimant to establish that he or she is unable to perform past

26  relevant work.  *Tackett*, 180 F.3d at 1098 & n.3 (citing 20 C.F.R. § 404.1512(d)).

27  Although the claimant has the burden at step four, the ALJ has a duty to support a

28  conclusion about whether the claimant can return to past relevant work by looking at both

1  the past relevant work itself and the claimant's RFC.  *Pinto v. Massanari*, 249 F.3d 840,
2  845 (9th Cir. Cal. 2001).

3      **3.      Analysis**

4      Here, the Court finds the ALJ's determination – that Plaintiff remains capable of
5  performing past relevant work – is not supported by substantial evidence.  As Plaintiff
6  points out, the vocational expert seemingly contradicted himself when he responded to
7  the ALJ's question regarding whether a hypothetical person with Plaintiff's RFC could
8  perform her past work.  The ALJ presented a lengthy hypothetical to the vocational expert
9  and concluded by asking "Can such an individual perform claimant's past work?"  (A.R.
10  33.)  The vocational expert answered:  "Yes, Judge.  I believe that level of limitation
11  would rule out performance of all the past work as that work is customarily performed."
12  (A.R. at 33.)

13      On the one hand, the vocational expert's initial affirmative statement, "Yes,
14  Judge," could mean he believed Plaintiff could perform her past work.  However, his
15  immediate followup statement that her "level of limitation would rule out performance
16  of all past work" is highly suggestive that he believed Plaintiff could not perform her past
17  work.  In this Court's view, it is likely the vocational expert's initial statement "Yes,
18  Judge," was a prefatory statement to signify to the ALJ that he had understood the
19  Court's hypothetical, and was prepared to respond to the question.  Indeed, the vocational
20  expert's testimony would be nonsensical if construed in the manner adopted by the ALJ.
21  Therefore, the Court finds the ALJ misconstrued the testimony by misunderstanding or
22  overlooking the latter portion of the vocational expert's answer.

23      Although Defendant argues the vocational expert's testimony was "just one of the
24  several factors that the ALJ considered," the testimony was the only basis articulated in
25  the ALJ's decision for his finding that Plaintiff could perform her past work.  (A.R. 23.)
26  Therefore, the Court does not find that the ALJ's misconstrual is harmless.  Accordingly,
27  the Court concludes the ALJ's finding at step four is not supported by substantial
28  evidence.

1    Plaintiff's Motion for Summary Judgment on this ground is GRANTED and

2    Defendant's Cross-Motion for Summary Judgment is DENIED.

3    **4.    Remand For Further Proceedings Is Appropriate**

4    In social security cases, the Court has discretion to remand a case either for

5    additional evidence and findings, or to award benefits. *McAllister v. Sullivan*, 888 F.2d

6    599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original

7    administrative proceedings, a social security case should be remanded. When, however,

8    a rehearing would simply delay receipt of benefits, reversal and an award of benefits is

9    appropriate." *Id.* (citation omitted). *See also Varney v. Secretary of Health & Human*

10   *Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Generally, we direct the award of benefits

11   in cases where no useful purpose would be served by further administrative proceedings,

12   or where the record has been thoroughly developed.").

13   Here, the Court concludes it is appropriate remand for further proceedings for

14   clarification at step four and findings at step five, if necessary.[4]

15   **VI.   CONCLUSION**

16   After a thorough review of the record in this matter, and based on the foregoing

      analysis, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be

17   **GRANTED IN PART**, Defendant's Cross-Motion for Summary Judgment be **DENIED**

18   **IN PART**, and the case be **REMANDED** for further proceedings.

19   This Report and Recommendation of the undersigned Magistrate Judge is

20   submitted to the United States District Judge assigned to this case, pursuant to the

21   provisions of 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d).

22   IT IS HEREBY ORDERED that **no later than January 2, 2015**, any party may

23   file and serve written objections with the Court and serve a copy on all parties. The

24   documents should be captioned "Objections to Report and Recommendation."

25

26   _____

      [4] The Court notes that the ALJ elicited testimony from the vocational expert

27   regarding whether Plaintiff can perform other work that exists in significant numbers in
      the national economy. (A.R. 33-34.) However, the ALJ did not make a step five finding

28   in his written decision. Therefore, it is unclear whether the ALJ would have accepted this
      testimony or not.

1      IT IS FURTHER ORDERED that any reply to the objections shall be filed and

2  served **no later than ten days** after being served with the objections.  The parties are

3  advised that failure to file objections within the specific time may waive the right to raise

4  those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57

5  (9th Cir. 1991).

6      **IT IS SO ORDERED**.

7  DATED:  December 17, 2014

8

9  DAVID H. BARTICK

10  United States Magistrate Judge