1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   YOLANDA GARCIA,                            CASE NO. 14cv830-LAB (DHB)

12                            Plaintiff,        **ORDER ADOPTING REPORT AND
                                                RECOMMENDATION;**

13        vs.
                                                **ORDER GRANTING PLAINTIFF'S
14                                              MOTION FOR SUMMARY JUDGMENT
                                                IN PART;**

15
     CAROLYN W. COLVIN, Acting                  **ORDER DENYING DEFENDANT'S
16   Commissioner of Social Security,           CROSS-MOTION FOR SUMMARY
                                                JUDGMENT IN PART; AND**
17                            Defendant.
                                                **ORDER OF REMAND**
18

19

20          An Administrative Law Judge (ALJ) denied Plaintiff Yolanda Garcia disability benefits

21   on November 29, 2012.  (Administrative Record ("AR") at 24.)  About a year later, an

22   Appeals Council denied review.  (*Id*. at 1-5.)  Garcia filed her complaint in this action seeking

23   review.

24          This matter was referred to Magistrate Judge  David Bartick for report and

25   recommendation pursuant to 28 U.S.C. Section 636.  The parties filed cross-motions for

26   summary judgment and on December 17, 2014, Judge Bartick issued his report and

27   recommendation (the "R & R"), recommending that Plaintiff's motion be granted in part, and

28   Defendant's denied in part.

**Legal Standards**

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes.  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  "The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*; *see also U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.")

Defendant filed various objections ("Objections") to the R & R.  The Objections are set forth under a single heading: "The ALJ properly found that Plaintiff could perform her past relevant work." (Obj. at 2:9.) The Court identifies three objections under this heading, all of which claim "the ALJ's step four finding was supported by substantial evidence." (Obj. at 2:6–8.)  First, Defendant admits the ALJ relied on vocational expert Dr. Cummings' contradictory testimony, but objects to it being dispositive.  (Obj. at 2:16–28.)  Second, Defendant claims the ALJ properly found Plaintiff can perform her past work as a housekeeper as this work is "generally performed," since it's consistent with the Dictionary of Occupational Titles (*Id.* at 3:1–11.)  Third, Defendant claims Plaintiff had the burden to prove she could not return to her past relevant work, and failed to do so.  (*Id.* at 12–16.)  To the extent Defendant may have intended other objections, they are too generalized to require de novo review.

**Discussion**

The R & R discusses much of the relevant factual and legal analysis to which Defendant has not objected and which the Court therefore adopts.  The R & R's discussion is repeated here only as necessary.

The Social Security Act permits judicial review of an agency's final decision.  42 U.S.C. §§ 1383(c)(3), 405(g).  The scope of review is limited, and the Commissioner's denial of benefits may be disturbed only if unsupported by substantial evidence or if it's based on legal error.  *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

**The Vocational Expert's Testimony**

At the hearing, Dr. Alan Cummings testified as the vocational expert.  Defendant agrees Dr. Cummings' testimony contradicts the ALJ's finding, and admits the ALJ relied on it, in part.  (Opp. at 2:16–18.)    But Defendant contends the discrepancy is immaterial because a vocational expert's testimony is optional.  (*Id.* at 16–28.)  That's true, but the ALJ determined that Garcia remains capable of performing her past relevant work by relying on Dr. Cummings' testimony <u>exclusively</u>.

After presenting a hypothetical, the ALJ asked Dr. Cummings, "Can such an individual perform claimant's past work?"  (AR at 33.)  He responded, "Yes, Judge.  I believe that level of limitation would rule out performance of all the past as that work is customarily performed."  The ALJ misconstrued this to mean Garcia can work: "I accept Dr. Cummings testimony, and find, based thereon, that the claimant remains capable of performing her past relevant work as a housekeeper, as this work is generally performed."  (AR at 23.)  As Defendant notes, a vocational expert's testimony is not required at step four of the analysis.  *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996).  But where the ALJ relies on the vocational expert's misconstrued testimony to form an opinion, remand is appropriate.  *See King v. Astrue*, 2009 WL 1159987, at *1 (C.D. Cal. Apr. 24, 2009) (finding remand appropriate where ALJ relied solely on the vocational expert's misconstrued testimony.)

In *King*, the court found remand appropriate where the ALJ relied on the vocational expert's testimony to conclude the plaintiff could perform her past relevant work. *Id.*  The ALJ asked the expert whether the plaintiff could perform past work.  The expert offered no opinion, yet the ALJ suggested he did:

> Hypothetically assuming the claimant's [RFC] as found above and assuming that the mental limits are closer to mild than moderate, the vocational expert opined that the claimant is able to perform her past relevant work as receptionist, both as actually done and as generally done in the national economy. I accept the [expert's testimony]. [Plaintiff] . . . is not under a 'disability' . . . .

*Id*. This error sufficiently triggered remand: "Because the ALJ based his decision that [p]laintiff could perform her past work on the vocational expert's testimony, and because the

1  vocational expert did not testify that [p]laintiff could perform her past work . . . remand on this

2  issue is warranted." (*Id.*)  Here, the ALJ's finding is similarly flawed, and therefore, not

3  supported by substantial evidence. *See also Andrews v. Astrue*, 2009 WL 4573239 ( W.D.

4  Ark. Dec. 1, 2009) (ALJ's finding was directly at odds with the vocational expert's testimony

5  and so, unsupported by substantial evidence); *compare Hopkins v. Astrue*, 227 Fed. Appx.

6  656, 657 (9th Cir. 2007) (although the vocational expert testified claimant couldn't work, the

7  ALJ's finding was supported by other evidence); *Brewer v. Colvin*, 2014 WL 4803162, at *3

8  (D. Utah Sept. 26, 2014) (finding ALJ's error harmless in misconstruing the vocational

9  expert's testimony because the step-four finding was supported by other substantial

10  evidence).

11  **Past Relevant Work Generally Performed**

12  At step four, an ALJ may deny benefits if a claimant can still perform (1) a specific

13  prior job as "actually performed"; or (2) the same kind of work as it's "generally performed"

14  in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing Social

15  Security Ruling (SSR) 82-61); SSR 82-62 at *3.  Defendant claims that because the ALJ

16  found Garcia can perform past relevant work as a housekeeper—as generally

17  performed—substantial evidence supports his decision.  (Opp. at 3:1.)  The ALJ's raw

18  analysis, however, concerns the Court.

19  The ALJ's step four conclusion that Garcia can perform past work as generally

20  performed rests solely on Dr. Cummings' mischaracterized testimony.  (AR at 23.)  This

21  alone defeats Defendant's Objections in their entirety, and calls into question the validity of

22  the ALJ's decision as a whole.  *See Regennitter v. Comm'r*, 166 F.3d 1294 (9th Cir. 1999)

23  (inaccurately characterized evidence cannot support an adverse credibility determination);

24  *accord Thompson,* 2014 WL 6750308, at *4 ("[s]uch incorrect characterization of the

25  evidence calls into question the validity of both the ALJ's evaluation of the vocational expert's

26  testimony and the ALJ's decision as a whole.")  The Court also notes other reasons why

27  Defendant's objection has no merit.

28  / / /

The ALJ erred by choosing the least demanding job classification without explaining why.  The Dictionary of Occupational Titles (DOT) classifies how jobs are "generally" performed.  Some jobs—like a housekeeper—have variants because they consist of a "myriad of tasks," requiring "different degrees of physical exertion."  *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985).  An ALJ must consider these variants, or risk legal error by classifying a claimant's past work based solely on "the least demanding" variation.  *Id.*; *see also Carmickle v. Comm. of Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008). Ignoring these variants defeats the Social Security Act's letter and spirit.  *Valencia*, 751 F.2d at 1086.  Here, the ALJ inexplicably chose the least demanding variant—DOT No. 323.687-014.  (AR at 23.) He simply repeats Dr. Cummings' testimony to find it's a "light, unskilled occupation."  *Id.* Garcia, however, was not an ordinary housekeeper.  She worked as a motel housekeeper, which requires a heavy level of physical exertion.  (AR at 148; 156.)  *See* DOT 323.687-018; *see also Breeden v. Astrue*, 2013 WL 865977, at *2 (W.D. Va. Mar. 7, 2013) (explaining the DOT 323.687-018 classification is "generally performed at the heavy level of exertion.") Garcia's work history report attests to her job's physical demands.  She notes lifting heavy equipment like microwaves and frequently lifting at least twenty-five pounds.  (AR at 156–57.) This exceeds Garcia's RFC, which limits lifting and carrying to twenty pounds, "occasionally." (*Id.* at 17.) This variant clearly changes the analysis, and therefore calls into question the ALJ's reasoning.  (*Id.*) (ALJ's failure to explain why he relied on DOT 323.687-014 instead of DOT 323.687-018 forecloses "the possibility of any meaningful judicial review.").  Whether a claimant has the functional capacity to perform her past work "is an important and in some instances, a controlling issue," and "must be developed and explained fully in the disability decision."  SSR 82-62; *see also id.* at 82-61 ("[f]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable.")  The ALJ's paraphrased summary fails to meet this standard.

Finally, the ALJ's ruling is devoid of the clear analysis and specificity required by the regulations.  At step four, an ALJ must make specific findings by explaining the basis of each

finding.  *See Pinto,* 238 F.3d at 847; *see also Carmickle*, 533 F.3d at 1167 (even in rare cases where ALJs must use a broad generic classification, requisite factual findings must support their conclusions).  Here, the ALJ simply recites Dr. Cummings' testimony and concludes that Garcia can perform her past work as a housekeeper as "generally performed."  (AR at 23.)  Such boilerplate step four findings fall below the standard.  *See* SSR 82-62 ("The rationale for a disability decision must be written so that a clear picture of the case can be obtained.  [It] must follow an orderly pattern and show clearly how specific evidence leads to a conclusion."); *see also Pinto*, 238 F.3d at 847 ("When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review.") (citation and quotation marks omitted).

For these reasons, substantial evidence doesn't support the ALJ's conclusion that Garcia can perform her past relevant work as generally performed.

**Plaintiff's Burden**

Defendant contends that Garcia has the burden to show that she cannot return to her past relevant work, and she failed to meet it.  (Obj. at 3:12–13.)  Regardless of whether Garcia met her burden, the ALJ ignored his duty, one which the Ninth Circuit makes clear:

> Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. [citations omitted] . . . [t]his requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work.

*Pinto*, 249 F.3d 840, 844 (9th Cir. 2001).

The ALJ notes Garcia's residual functional capacity and job classification, but doesn't explain how it's related to her past work as a housekeeper.  (AR at 23–24); *see McGuffey v. Astrue*, 247 Fed. Appx. 903, 905 (9th Cir. 2007) (instructing the ALJ on remand to consider the physical and mental demands of claimant's work in relation to the RFC).  It's noteworthy that the ALJ understood his duty yet failed to observe it: "I must determine whether the claimant has the residual functional capacity to perform the requirements of her past relevant / / /

1   work." (AR at 15.)  Thus, even if Garcia failed to meet her burden, the ALJ was required to
2   observe his duty, which he did not.

3   **Harmless Error**

4         The Court finds the ALJ's errors are not harmless, and remand is warranted.  *See*
5   *Pinto*, 249 F.3d at 846 (unspecified findings and inadequate vocational expert testimony
6   sufficiently warrants remand); *accord Thompson,* 2014 WL 6750308 (remanding for further
7   administrative action because defendant failed to cite any other persuasive evidence to
8   support ALJ's step four opinion that relied on contradictory testimony).

9   **Conclusion and Order**

10        For these reasons, Defendant's Objections to the R & R are **OVERRULED**.  The Court
11  **ADOPTS** the R & R.   Garcia's motion for summary judgment is **GRANTED IN PART**, and
12  Defendant's cross-motion for summary judgment is **DENIED IN PART**.   The case is
13  **REMANDED** for further proceedings consistent with this Order.

14

15        **IT IS SO ORDERED**.

16  DATED:  May 15, 2015

17

18  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

- 7 -

14cv830